**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA RICHARDS, etc.,

        Plaintiff,

vs.                                                        Case No. 3:06-cv-129-J-32TEM

LANDSTAR RANGER, INC.,
LEONARD SIBLEY,
CYNTHIA DICKERSON,

        Defendants.

**ORDER**[1]

This case is before the Court on defendant Landstar Ranger, Inc. ("Landstar")'s Motion to Transfer Venue (Doc. 9) to which plaintiff has filed a response in opposition (Doc. 15). Plaintiff's amended complaint (Doc. 5) alleges that defendant Leonard Sibley, an employee or agent of Landstar, a common carrier tractor-trailer company, and the driver of a truck owned by defendant Cynthia Dickerson (also alleged to be an agent or employee of Landstar), was involved in a head-on collision with a vehicle operated by Arlen Richards on State Highway 47 in South Dakota on September 1, 2005. Mr. Richards died at the scene and his wife, Barbara Richards, in her capacity as the personal representative of the estate of Arlen Richards, has brought this suit against defendants for personal injuries, wrongful death, and negligent hiring, training and supervision. Barbara Richards is a resident of New Mexico as was her husband. Defendants Leonard Sibley and Cynthia Dickerson are alleged

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

to be residents of the State of Georgia.[2]  Defendant Landstar's corporate office is in Jacksonville, Florida.

Defendant Landstar acknowledges that venue is proper here in the Middle District of Florida, but moves to transfer venue to the District of South Dakota, the situs of the accident, pursuant to 28 U.S.C. § 1404(a), claiming that witnesses and physical proof would be located in that district and that its courts would be more familiar with the South Dakota state law to be applied in this diversity action.  Plaintiff opposes the motion and states that the only witnesses who would be resident in South Dakota are two highway patrolmen whose testimony could be taken by deposition for use at trial.  The statutory beneficiaries to Mr. Richards' estate are in New Mexico, North Dakota, and Colorado.  Plaintiff has retained experts in this case who are in Illinois, Texas and Arizona.  Plaintiff additionally states that Mr. Richards' business interests (relevant for purposes of establishing economic loss to the estate) were in several different states.  Plaintiff further states that the tractor-trailer involved in the crash has been thoroughly analyzed by a Texas firm (and the truck itself is likely no longer in South Dakota), the vehicle driven by Mr. Richards is being retained by the plaintiff in Minnesota, and Florida law would apply to at least some of the claims.  Finally, plaintiff states that air travel to Jacksonville, Florida is much less expensive for most of the witnesses than air travel to Walworth County, South Dakota.

Where venue is properly laid pursuant to 28 U.S.C. § 1391(a), the defendant bears the burden of proving that another forum is more convenient.  Robinson v. Giarmarco & Bill,

---

[2]The file does not show that either of these defendants have yet been served and neither have appeared or otherwise taken any position on the motion to transfer venue.

P.C., 74 F.3d 253, 260 (11th Cir. 1996).  Upon review of the causes of action and other allegations of plaintiff's amended complaint (Doc. 5), defendant Landstar's answer thereto (Doc. 8), the motion and response and the relevant law, the Court finds defendant Landstar has failed to carry its burden of demonstrating that transfer to the District of South Dakota would be in the interests of justice or that trying this case in South Dakota would be more convenient for the parties or witnesses than leaving it here in plaintiff's selected forum.  Id.[3] Accordingly, it is hereby

**ORDERED**:

Defendant Landstar Ranger, Inc.'s Motion to Transfer Venue (Doc. 9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of May, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

---

[3] Based on the allegations of plaintiff's amended complaint, the Court has assumed for purposes of this motion that all three defendants would be amenable to suit in the proposed transfer forum.

3